US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
SEP 29 2015
CHRIS R. JOHNSON, Clerk
By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PHYSICIANS' SPECIALTY HOSPITAL, LLC.<br><br>Defendant. | CIVIL ACTION NO. 15-5237 TLB<br><br>JURY TRIAL DEMAND |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (ADA), as amended by the Americans with Disabilities Act Amendment Act of 2008 (ADAAA), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Lindsey Freeman who was adversely affected by such practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission (Commission) alleges that Physicians' Specialty Hospital failed to provide a reasonable accommodation to Lindsey Freeman and discharged her because of her disability and in retaliation for requesting a reasonable accommodation.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section

107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The unlawful employment practices alleged below were and are now being committed in the Western District of Arkansas, Fayetteville Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (Commission), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1).

4. At all relevant times, Defendant Physicians' Specialty Hospital. (Defendant Employer), has continuously been an Arkansas corporation doing business in the State of Arkansas and the City of Fayetteville and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of §101(5) of the ADA, 42 U.S.C. §12111(5), and Section 107(7) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## **STATEMENT OF CLAIMS OF LINDSEY FREEMAN**

7. More than thirty days prior to the institution of this lawsuit, Lindsey Freeman (Freeman) filed a charge with the Commission alleging violations of Title I of the ADA and the ADAAA by Defendant Employer.

8. On July 14, 2015, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that Defendant Employer violated the ADA and invited Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant Employer to provide Defendant Employer the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

11. On September 9, 2015, the Commission issued to Defendant Employer a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

### A. Disability Discrimination

13. Since at least November of 2014, Defendant Employer has engaged in unlawful employment practices in violation of Title I of the ADA, Sections 102(a), 102(b)(1), 42 U.S.C. §§12112(a), and 12112(b)(5)(A) at its Fayetteville, Arkansas location.

14. These unlawful practices include, but are not limited to, Defendant Employer's failure to provide a reasonable accommodation to Freeman and discharging

3

her because of her disability and in retaliation for requesting an accommodation.

    a.    Defendant Employer is a physician owned hospital located in Fayetteville, Arkansas.

    b.    Freeman suffers from epilepsy, and on or around June 13, 2014, during her move to Arkansas, Freeman suffered from a toxic-clonic seizure, her first seizure in 10 years.

    c.    In July of 2014, Defendant Employer hired Freeman as a PRN (as needed) nurse at its hospital in Fayetteville after receiving a note from Freeman's neurologist clearing her for work.

    d.    Freeman worked on an as needed basis, and she worked approximately three shifts per week.

    e.    Freeman began experiencing auras in November of 2014 as a result of working long shifts and requested to work eight hour shifts.

    f.    Freeman provided medical documentation to Defendant Employer requesting to work eight hour shifts, and Defendant Employer granted Freeman's request for her next three shifts.

    g.    On or about December 3, 2014, Freeman worked 11.5 hours.

    h.    On or about December 4, 2014, Freeman suffered another toxic-clonic seizure and was unable to report to work.

    i.    Freeman informed Defendant Employer that her doctor removed her from direct patient care for six weeks.

    j.    Freeman requested to move to any open position or for a six week leave of absence.

    k.    Defendant Employer refused to transfer Freeman to the open position or

permit her a leave of absence and terminated her employment on December 9, 2014, because of her disability.

    l.    Freeman's disability interferes with her neurological system, and Freeman is substantially limited in her neurological functions, her ability to think, to concentrate, to communicate, to see, to walk, and to sleep during a seizure and for an extended period post seizure.

    m.    Freeman is a qualified individual with a disability under the ADA and ADAAA whom Defendant Employer could have transferred to an open position or whom Defendant Employer could have granted a leave of absence.

    n.    Defendant Employer failed to reasonably accommodate Freeman when it failed to consider moving her to open position or permit her a leave of absence and subsequently terminated her employment.

15.    The effect of the practices complained of in paragraphs 13 through 14 above has been to deprive Freeman of equal employment opportunities and otherwise adversely affect her status as employee because of her disability.

16.    The unlawful employment practices complained of above were intentional.

17.    The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Freeman.

**B.**    **Retaliation**

18.    Freeman requested an accommodation on or about December 5, 2014, to move to a vacant position for which she was qualified.

    a.    Following Freeman's request for an accommodation, Defendant Employer never responded to Freeman regarding her request.

    b.    There is evidence that Freeman's supervisor was angry/upset that

Freeman had requested to move to another position and/or that Freeman had requested a leave of absence.

    c.    Defendant Employer terminated Freeman's employment four days after she requested a reasonable accommodation.

    d.    Defendant Employer indicated Freeman was not eligible for rehire in spite of the fact that Freeman had no disciplinary action or job performance issues.

    e.    Defendant Employer retaliated against Freeman when it failed to consider moving her to open position or permit her a leave of absence and subsequently terminated her employment.

15.    The effect of the practices complained of in paragraph 18 above has been to deprive Freeman of equal employment opportunities and otherwise adversely affect her status as employee because of her disability.

16.    The unlawful employment practices complained of above were intentional.

17.    The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Freeman.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

    A.    Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from failing to accommodate employees with disabilities.

    B.    Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discharging an employee because of her disability and/or need for a reasonable accommodation.

C. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against an employee because of her disability and/or because the employee requested a reasonable accommodation.

D. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for Freeman and other qualified individuals with disabilities, and which eradicate the effects of past and present unlawful employment practices.

E. Order Defendant Employer to make whole Freeman by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, reinstatement, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

F. Order Defendant Employer to make whole Freeman by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the above paragraphs, including medical expenses and job search expenses in amounts to be determined at trial.

G. Order Defendant Employer to make whole Freeman by providing compensation for past and future nonpecuniary losses, including emotional pain, suffering, inconvenience, and mental anguish resulting from the unlawful employment practices described in the above paragraphs in amounts to be proven at trial.

H. Order Defendant Employer to pay punitive damages for its malicious and/or reckless conduct, resulting from the unlawful employment practices described in the above paragraphs in an amount to be determined at trial.

I. Grant such further relief as the Court deems necessary and proper in the

public interest.

    J.    Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

**P. DAVID LOPEZ**
General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

*Faye A. Williams by PBD*
**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 11730

*Gerald Thornton by PBD*
**GERALD THORNTON**
Supervisory Trial Attorney
TN Bar No. 0158988

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1407 Union Avenue, Suite 901
Memphis, TN 38104
Telephone: (901) 544-0136

*Pamela B. Dixon*
**PAMELA B. DIXON**
Senior Trial Attorney
AR Bar No. 95085

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
820 Louisiana St., Ste. 200
Little Rock, AR 72201
Telephone: (501) 324-5065
pamela.dixon@eeoc.gov